IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THERESA HICKSON, | Case No. 6:21-cv-00370-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff Theresa Hickson alleges that Defendants violated the Fair Credit Reporting Act ("FCRA") by inaccurately reporting Plaintiff's debt and failing to reasonably investigate her dispute of that debt. Defendant JPMorgan Chase Bank ("Chase") filed a Motion to Dismiss, ECF No. 20, arguing that Plaintiff's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6). For the reasons explained, Chase's Motion to Dismiss, ECF No. 20, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend.

Page 1 – OPINION AND ORDER

## BACKGROUND

After Chase filed its Motion to Dismiss ("MTD"), Plaintiff notified the Court of dismissal under Rule 41 of Defendants Bank of America, N.A., Barclays Bank Delaware, and Experian Information Solutions. ECF Nos. 34, 35, 37, 40. The Court will state the facts relevant to Chase, the remaining Defendant, accepting as true all material allegations in the complaint and reasonable inferences drawn from them. *Parks Sch. Of Bus., Inc. v. Symington*, 51 F. 3d 1480, 1484 (9th. Cir. 1995)

In 2019, Plaintiff filed a petition for Chapter 7 bankruptcy, which identified Chase in two "charged off credit card account[s]" accounts as an unsecured creditor. MTD at 2-3; *see also* Compl. ¶ 10, 12. After the bankruptcy proceeding concluded, Plaintiff obtained a three-bureau credit report from Defendant Experian. Compl. ¶ 56. Plaintiff alleges that she discovered "inaccurate, misleading, or incomplete" information in her credit report. Id. ¶ 57-58. Specifically, that, as it pertains to her two Chase accounts: account one reported 24 consecutive months of charge offs and account two reported 25 consecutive months of charge offs. *Id.* ¶¶ 88-89; 91-92.

"Charge off" is a term of art for credit providers, understood as writing off a debt as a loss because payment is unlikely. *See Charge Off*, Black's Law Dictionary (11th ed. 2019). Plaintiff contends that a continuously reported charge offs over many months are inaccurate because a creditor can only *once* charge off a receivable account—rather than charge it off on a continuous basis. *Id.*

Plaintiff mailed a dispute letter to Defendant Experian, which she alleges put "Chase on notice that Plaintiff's accounts are inaccurately reporting with multiple

charge off notations." *Id.* ¶ 57-59. Plaintiff requested that her credit accounts be updated to reflect completeness and accuracy. *Id.* ¶ 61. Plaintiff believes the letter was forwarded to Chase as a data furnisher. *Id.* ¶ 62. Later, Plaintiff ordered another credit report, but was not satisfied that her accounts were properly reported. *Id.* ¶ 63. Plaintiff brought this action.

Plaintiff maintains that Chase violated FCRA, 15 U.S.C. §§ 1681e(b), 1681s-2(b), 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5)(A), by providing inaccurate information to Credit Reporting Agencies ("CRAs"), and by failing to conduct a reasonable investigation surrounding Plaintiff's claims of inaccurate reporting.

In Plaintiff's view, reporting the charge offs over many months was patently incorrect in violation of FCRA. *Id* ¶¶ 14-15; 64. Plaintiff alleges that continuously reporting a charge off had a "derogatory impact" on Plaintiff's credit score and that "[t]his type of reporting. . . adversely affected Plaintiff when potential lenders were making credit decisions regarding [Plaintiff] and their willingness to extend credit." *Id.* ¶ 96. Plaintiff states that Chase's reporting is "inaccurate and misleading" and that Chase's "lack of investigation is unreasonable." *Id.* ¶¶ 98-100.

Chase responds that reporting a charge off over multiple months does not violate FCRA and that reporting the charge off was neither patently incorrect nor misleading. Chase argues that Plaintiff's assertion—that monthly reports containing the charge off information is unlawful—has been "routinely rejected" by the courts, and that Plaintiff's attempt to allege a FCRA violation is based on speculation and

Plaintiff's understanding of purported violations of "industry standards" which is insufficient to support a legal claim under FCRA. MTD at 2-3.

## LEGAL STANDARD

A complaint must contain sufficient factual matter that "state[s] a claim to relief is plausible on its face" to survive a motion to dismiss under the Federal Rules of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual

allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I.  FCRA Framework

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)). FCRA places duties on credit reporting agencies and on "furnishers" of credit information. *Id*. at 1153-54. A furnisher cannot report "any information relating to a consumer to any consumer reporting agency if [the furnisher] knows or has reasonable cause to believe that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A).

Upon notice of consumer disputes of reported information, § 1681s-2(b) requires the furnisher to: (1) conduct a reasonable investigation; (2) review all relevant information provided by the CRAs; (3) report the results of the investigation to the CRAs; (4) report those results to all other CRAs to which the person furnished information if the disputed information is found to be incomplete or inaccurate; and (5) modify, delete, or permanently block reporting of that item when reporting to a

CRA if the disputed information is found to be inaccurate, incomplete, or unverifiable after reinvestigation. *See* § 1681s-2(b). Thus, FCRA allows a consumer to bring a private right of action against a furnisher who either fails to conduct a reasonable investigation or continues to provide inaccurate information following the investigation. The Ninth Circuit has held that a credit entry is "incomplete or inaccurate" within the meaning of the FCRA "because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163 (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

Banks under the purview of the Federal Reporting Agency, like Chase here, are required to charge off delinquent accounts after 180 days or else their balance sheets would "misleadingly reflect accounts as assets that have little chance of achieving their full valuation." *Artemov v. Transunion LLC*, No. 20-cv-1892, 2020 U.S. Dist. LEXIS 159267, at *3 (E.D.N.Y. Sept. 1, 2020). FCRA allows credit reporting agencies to retain a charged off notation for a debt on a consumer's credit report for up to seven years. 15 U.S.C. § 1681c(a)(4).

## II.  Argument

Here, Plaintiff does not dispute that her two accounts with Chase were in fact charged off. Plaintiff appears to equate the initial charge off event with the continued reporting of an account's status as charged off. However, a consumer's debt does not simply disappear when a creditor charges off her debt. *See Artemov,* 2020 U.S. Dist.

LEXIS 159267, at *9 (explaining that charging off a debt "does not diminish the legal right of the original creditor to collect the full amount of the debt.").

Many district courts have rejected Plaintiff's argument that reporting recurring charge offs is incorrect or misleading such that it violates the FCRA. *See, e.g., Otto v. TransUnion, LLC*, Case No. 6:21-cv-00379-AA, 2022 WL 787940 (D. Or. Mar. 15, 2022) (collecting cases); *Makela*, 2021 WL 5149699, at *3 (collecting cases); *Nichols v. Credit Union One*, Case No. 2:17-cv-02337-APG-EJY, 2020 WL 5821828, at *3 (D. Nev. Sept. 30, 2020) ("There is no evidence that reporting that charge offs [in] consecutive months would be misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.") (internal quotation marks and citation omitted); *Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016) ("[T]here is nothing to indicate, as Plaintiff intimates, that anyone would believe there has been more than one charge off because, as all parties agree, there is only one charge off event.")

The Ninth Circuit has also recently held that "[t]he report of multiple charge offs does not support a plausible claim under [FCRA] because [the plaintiff] failed to plead that anyone would believe that the account had been charged off more than once," and it was "undisputed that an account can be charged off only once." *Steinmetz v. Am. Honda. Fin. Corp.*, 835 F. App'x 199, 201 (9th Cir. 2020) (citation omitted.) While this opinion is unpublished, and therefore not binding precedent, it provides another example of a court rejecting Plaintiff's argument that reporting recurring charge offs violates FCRA.

Plaintiff presses the Court to follow the reasoning in *Wilson v. Equifax Info. Servs., LLC*, No. 219CV00055RFBNJK, 2020 WL 2771184 (D. Nev. May 27, 2020)., where the district court found the plaintiff satisfactorily pled a FCRA claim. In that case, the plaintiff alleged "inaccuracies in the form of multiple charge offs, the exclusion of positive data, and inaccurate bankruptcy inclusion dates." *Id.* at *12.

Here, however, Plaintiff alleges the reported recurring charge offs as the only potential inaccuracy. An argument which, as outlined above, has been rejected by the Ninth Circuit.

Plaintiff next asserts that her case is distinguishable from the holdings discussed above in two crucial ways. Resp. at 8. First, Plaintiff contends that lenders and employers only review a consumer's credit score—as opposed to each line item in a credit report—to make determinations on credit or employment, and that a charge off repeated month after month increases frequency and recency of the derogatory reporting, and in turn decreases the credit score. *Id.* Plaintiff alleges that this satisfies FCRA's standing for "misleading" because a consumer's who has one reported charge off would, hypothetically, have a higher credit score than a consumer whose score is calculated based upon a charge off reported on a repeated basis. *Id.* In Plaintiff's view, a "credit reviewer is misled by this since they only look at the FICO Score. . ." *Id.* Plaintiff maintains that this argument was not set forth or addressed by the plaintiff or the court in *Steinmetz* or other cases considering continuously reported charge offs. *Id.*

Page 8 – OPINION AND ORDER

Defendant's reply that Plaintiff's attempt to distinguish herself from the plaintiffs in other charge off cases fails, because Plaintiff's allegations about how credit scores are computed are speculative and conclusory. Reply at 4.

The Court agrees that Plaintiff's allegations regarding a decrease in credit score are speculative, conclusory, and do not give rise to a claim under the FCRA. Plaintiff offers extensive information on credit score calculations in general yet fails to show that the recurring charge offs had any impact on her own credit score. But even assuming the charge offs did lower Plaintiff's credit score, Plaintiff still has not shown that Defendants' reporting is either patently incorrect or misleading.

Plaintiff fails to show that the charge offs misled any particular reader of her credit report or could be expected to result in an adverse credit decision against her. And Plaintiff would likely have difficulty doing so. As both courts in *Shaw* and *Steinmetz* noted, it is unclear how any reader of Plaintiff's credit report could be misled into believing that multiple charge offs occurred when it is undisputed that a charge off occurs only once.

Further, Plaintiff's credit score legal theory attempts to expand Defendants' obligations under the FCRA. There is no affirmative duty on data furnishers, like Chase, to ensure that generators of FICO credit scores, when using otherwise accurately reported information, produce accurate credit score results. *See Baker v. Capital One Bank*, No. CV 04-1 192-PHX, 2006 U.S. Dist. LEXIS 62053, at *10 (D. Ariz. Aug. 29, 2006). Plaintiff offers no authority to suggest that a decrease in credit

score based on accurately reported charge offs gives rise to a claim against data furnishers under FCRA.

## CONCLUSION

For the reasons stated above, Chase's Motion to Dismiss is GRANTED and Plaintiff's claims as to Chase are DISMISSED without prejudice. However, the Court grants Plaintiff leave to amend. Plaintiff shall have 30 days to file an Amended Complaint to demonstrate that the recurring charge offs mislead any reader of her credit report or could be expected to result in an adverse credit decision against her. If Plaintiff fails to file an Amended Complaint in 30 days, the case shall be dismissed with prejudice.

IT IS SO ORDERED.

Dated this  31st  day of  March  2023.

/s/Ann Aiken

Ann Aiken
United States District Judge